HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELVYN V MAHON, II,

        Plaintiff,

      v.

PARKSHORE MARINA ASSOCIATION, *et al.*,

        Defendants.

CASE NO. 2:26-cv-00329-RAJ

ORDER

## I.     INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Melvyn Mahon's motion to reopen case, Dkt. # 5, motion to appoint counsel, Dkt. # 7, and the Court's *sua sponte* review of the complaint.  The Court has reviewed the complaint, motions, and the balance of the record.  For the reasons set forth below, the Court **GRANTS** the motion to reopen case, **DENIES** the motion to appoint counsel, and **DISMISSES** the complaint with leave to amend.

## II.     BACKGROUND

Mr. Mahon, proceeding *pro se*, initiated this case on January 25, 2026 by filing an application to proceed *in forma pauperis*, along with a financial affidavit, proposed

ORDER – 1

complaint, and other documents. Dkt. # 1. On January 28, 2026, the clerk of the court issued a letter notifying Mr. Mahon of certain deficiencies in his initial filing. Dkt. # 2. The letter directed Mr. Mahon to file a corrected application to proceed *in forma pauperis* by February 27, 2026, and corrected financial affidavit by February 11, 2026. *Id.* It further noted that "deficiencies must be corrected by the listed deadline(s)" and "[f]ailure to do so may affect the status of your case, including dismissal of the action by the Court." *Id.* Mr. Mahon did not cure the deficiencies by the stated deadlines. Accordingly, on March 6, 2026, the Court dismissed this case without prejudice for failure to prosecute. Dkt. # 4 at 2.

On April 1, 2026, Mr. Mahon filed a motion to reopen case, Dkt. # 5, a revised application for leave to proceed *in forma pauperis*, Dkt. # 6, and a motion to appoint counsel, Dkt. # 7. On April 3, 2026, Judge Peterson granted Mr. Mahon's application to proceed *in forma pauperis*, but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. # 8.

### III.  LEGAL STANDARD

When a litigant is proceeding *in forma pauperis*, courts may review the complaint and dismiss it if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Courts hold *pro se* plaintiffs to less stringent pleading standards and liberally construe a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), courts give *pro se*

ORDER – 2

plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### IV.  DISCUSSION

#### A.    Motion to Reopen Case

On "motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding" for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Mr. Mahon's motion to reopen this case states he was unaware of the signature requirements for his filings, and that once he was notified of the error, he acted diligently to seek clarification. *See* Dkt. # 5.  He has now filed corrected documents.  *See* Dkt. # 6.  The Court, in its discretion and in light of the leniency afforded to *pro se* litigants, finds Mr. Mahon's failure to file corrected documents within the specified deadline was the result of excusable neglect.  Accordingly, his motion to reopen the case is granted.

#### B.    § 1915 Review of Complaint

According to the complaint, Mr. Mahon is a resident at the Parkshore Marina Condominium and a member of the Parkshore Marina condo association.  Dkt. # 9 at 2. He brings this action against the Parkshore Marina Association, multiple former and current board members of the Parkshore Marina Association, and McFerran Law P.S., which appears to be former legal counsel to the Parkshore Marina Association.  *Id.*  Mr. Mahon alleges that the defendants "continually foment a climate in which they openly discriminate against [him] by committing acts of negative reprisal as compared to other members/renters/groups such that he has been prevented continuously from exercising his ownership rights as a member of Parkshore Marina Association . . . ."  *Id.* at 3–4.  His complaint includes a long list of grievances and disagreements with defendants regarding Mr. Mahon's use of the residential space.  For example, below are just a few of the many allegations in the complaint:

ORDER – 3

13. Between 2022 to 2025, the Defendants refused to acknowledge the free motorcycle parking that had existed for Mahon since 2021.

14. Between 2022 to 2025, the Defendants refused on multiple occasions to assist Plaintiff Mahon to determine who stole from him.

15. Between 2022 to 2025, the Defendants repeatedly have controlled who could visit the Plaintiffs' property.

*Id.* at 5. Construed liberally, the complaint asserts claims for violation of (1) the Fair Housing Act ("FHA"); (2) 42 U.S.C. § 1981; (3) 42 U.S.C. § 1982; (4) the Fourteenth Amendment; (5) the Washington Law Against Discrimination; and (6) various Washington statutes and "state-law torts." *See id.* at 3. Mr. Mahon invokes the Court's federal question jurisdiction. *Id.* at 2.[1]

After review of the complaint, the Court finds Mr. Mahon fails to state a plausible claim for any of the asserted federal claims, and the Court declines to exercise supplemental jurisdiction over the state law claims.

First, Mr. Mahon fails to state a claim for violation of the FHA. The FHA declares that "it is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. To achieve this goal, the FHA renders it unlawful, among other things, to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Mr. Mahon does not allege he is a member of a protected class under the FHA or that he experienced discrimination as a result of his membership in a protected class. Accordingly, he fails to state a claim for relief under the FHA. *See Stabley v. Bank of Am., N.A.*, 708 Fed. App'x 340, 340 (9th Cir. 2017) (affirming dismissal of FHA claim because plaintiff "failed to allege facts sufficient to show that he

---

[1] While the complaint does not allege the citizenship of all parties, it appears that at least Mr. Mahon and the Parkshore Marina Association are Washington residents. See ¶ 1.1–1.2. Therefore, jurisdiction based on diversity of citizenship is not available.

ORDER – 4

is a member of a protected class under the FHA."); *Bryant v. Steinburg*, No. 23-15287, 2024 WL 838693, at *1 (9th Cir. Feb. 28, 2024) (affirming dismissal of FHA claim because plaintiff "failed to allege facts sufficient to show that defendants discriminated against her on the basis of a protected status.").

Second, Mr. Mahon fails to state a claim under 42 U.S.C. § 1981. This statute "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474–75 (2006) (citing 42 U.S.C. § 1981(a)). A plaintiff asserting a § 1981 claim must "identify an impaired 'contractual relationship' . . . under which the plaintiff has rights." *Id.* at 476. In addition, the plaintiff must "initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 341 (2020). Here, Mr. Mahon fails to identify any specific contract that is at issue. In addition, he does not allege that but for race, he would not have suffered the loss of a legally protected right. Accordingly, he fails to state a claim under 42 U.S.C. § 1981.

Third, Mr. Mahon fails to state a claim under 42 U.S.C. § 1982. This statute states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a claim under § 1982, a plaintiff must plead that he or she (1) is a member of a racial minority; (2) applied for and was qualified to rent or purchase certain property or housing; (3) was rejected; and (4) that the housing or rental opportunity remained available thereafter. *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980). Mr. Mahon does not plead facts to support the elements of a § 1982 claim.

Fourth, Mr. Mahon fails to state a claim for violation of the Fourteenth Amendment. Section 1983 provides the right of action for constitutional violations. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) violation of a right secured by the

ORDER – 5

Constitution and the laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Mahon does not allege facts indicating the defendants—who are a condominium association, private individuals, and a law firm—acted under color of state law. Accordingly, he fails to state a claim under § 1983 for violation of the Fourteenth Amendment. *See Sanzaro v. Ardiente Homeowners Ass'n LLC*, 513 F. App'x 646, 647 (9th Cir. 2013) (affirming dismissal of Fourteenth Amendment claim because plaintiff "failed to allege that any defendant is a state actor.").

Finally, because this case invokes the Court's federal question jurisdiction and the Court is dismissing all federal claims at this early stage, it declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

Because the deficiencies identified above may potentially be cured by amendment, dismissal of the complaint is with leave to amend. Any amended complaint should clearly identify the claims asserted and the factual basis for each claim. Failure to plead sufficient facts to state a claim for relief may result in final dismissal of this action under 28 U.S.C. § 1915(e)(2)(B) without further opportunity for amendment.

### C. Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The decision to appoint counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745

ORDER – 6

F.2d 1221, 1236 (9th Cir. 1984)). A finding of exceptional circumstances "requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court, in its discretion, denies Mr. Mahon's request to appoint counsel. Mr. Mahon does not provide any compelling arguments or evidence that this case is likely to succeed on the merits. As discussed above, the Court finds the complaint as drafted fails to state a viable federal claim. In addition, Mr. Mahon has not shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*.

## V.    CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's motion to reopen case, Dkt. # 5, **DENIES** the motion to appoint counsel, Dkt. # 7, and **DISMISSES** the complaint, Dkt. # 9, with leave to amend within 21 days of the date of this order.

Dated this 22nd day of April, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7